IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Tracie Danielle Myers                                                                              Plaintiff

v.                                          No. 4:15-CV–099-KGB-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                                Defendant

## Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Tracie Danielle Myers seeks judicial review of the denial of her third application for social security disability benefits.[3] In the past, Myers worked as a certified nursing assistant, but she last worked for a laundry service.[4] Initially, Myers alleged disability beginning March 2007, but her attorney amended her onset date to March 2010 based on employment at the laundry service;[5] she continued to work there until December 2010. Myers provided different reasons for leaving her job.[6] She based disability on Crohn's disease, asthma, depression, high blood pressure, bipolar disorder, and suicidal tendencies.[7]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments — Crohn's disease, hypertension, depressive disorder,

---

[3]SSA record at pp. 167 & 169 (applying on Oct. 26, 2011 and Nov. 22, 2011 and alleging disability beginning Mar. 7, 2007). *See id*. at pp. 176 & 199 (reflecting two prior applications, denied on June 24, 2008 and Nov. 6, 2008).

[4]*Id*. at pp. 37, 182 & 214.

[5]*Id*. at pp. 36-38.

[6]*Id*. at p. 37 (testifying that she was fired), p. 43 (explaining that she was let go for excessive bathroom breaks and being sick), p. 189 (reporting that she worked for Sara's Linen Service until she decided to move back to Missouri), p. 204 (stating that she stopped working on Dec. 15, 2010 because the business closed) & p. 639 (telling mental examiner that last job was seasonal work that ended). *See also id*. at p. 192 (telling agency interviewer that she hadn't worked since March 2007, even though earnings history showed work every year after that time).

[7]*Id*. at p. 204.

and dependent and borderline personality traits[8] — and determined Myers can do some light work.[9] Because a vocational expert identified available light work,[10] the ALJ concluded that Myers isn't disabled and denied the application.[11]

After the Appeals Council denied review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Myers filed this case to challenge the decision.[14] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Myers's allegations**. Myers contends the decision isn't supported by substantial evidence. She focuses on the medical opinion evidence. According to Myers, the weight given to medical opinions isn't justified. She claims the ALJ failed to meet the

---

[8]*Id*. at p. 13.

[9]*Id*. at p. 15.

[10]*Id*. at p. 61.

[11]*Id*. at p. 25.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

Commissioner's burden to show work exists that she can do.[15]

**Applicable legal principles**. When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Myers can do some light work and that work exists that Myers can do.[17] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[18] The ALJ required light work involving superficial interpersonal contact and excluded work involving exposure to the sun.[19] The question for the court is whether a reasonable mind will accept the evidence as adequate to show Myers can work within these parameters.

---

[15]Docket entry #s 16 & 20.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[18]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[19]SSA record at p. 15.

A reasonable mind will accept the evidence as adequate for the following reasons:

1. **Myers's physical impairment can be treated**. "An impairment which can be controlled by treatment or medication is not considered disabling."[20] Myers has one significant physical impairment: Crohn's disease. "Crohn's disease is a chronic inflammatory disorder that affects the digestive tract, characterized by cramping pain, diarrhea, and sometimes nausea or vomiting."[21] "Treatment consists of managing … symptoms, getting the disease into remission, and preventing relapses."[22] "Most people with Crohn's disease have periods of remission and are able to hold jobs and lead normal lives for the most part."[23]

Treatment records show Myers has had Crohn's disease since at least August 2006.[24] Her doctor prescribed medication,[25] but Myers stopped taking medication.[26] The ALJ correctly observed that Myers was hospitalized for her symptoms prior to her amended onset date, but she

---

[20]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[21]Tish Davidson, David Edward Newton & Rebecca J. Frey, Crohn's Disease, 2 The Gale Encyclopedia of Med. 1222 (4th ed.).

[22]*Id.* at p. 1225.

[23]*Id.* at p. 1226.

[24]SSA record at p. 780.

[25]*Id.*

[26]*Id.* at p. 313 (Apr. 19, 2009: she said she was diagnosed with Crohn's disease in Nov. 2005, but took medication intermittently due to financial difficulties), p. 349 (Nov. 11, 2009: she wasn't taking medication due to lack of medical insurance and money; she said she just got on Medicaid and hoped to get medication soon), p. 560 (Jan. 25, 2011: she's been off medication for a while) & p. 604 (Sept. 28, 2011: she said she was on medication, but stopped for three to four years; recently resumed when she started having symptoms).

wasn't taking medication.[27] When Myers complied with prescribed treatment, her symptoms improved.[28] The improvement shows Myers has a treatable impairment. A treatable impairment isn't disabling under social security law.

Other physical issues provide no basis for disability. Blood pressure and asthma are controlled with medication. The ALJ properly relied on the role of treatment in managing symptoms. Myers says she supposed to avoid the sun because of her medication,[29] but the ALJ excluded work requiring sun exposure. No evidence implicates an inability to do light work. A reasonable mind will accept the evidence as adequate to support the decision.

2. **Mental impairment doesn't prevent working**. The record contains reports of two mental exams. The first exam was conducted for the second application.[30] According to the examiner, Myers can do simple, repetitive and detailed, complex tasks.[31] The first exam isn't really relevant to the claim because it precedes the time period for which benefits were denied.

The second exam was conducted for the third application.[32] According to the examiner, Myers can cope with mental demands of basic work tasks and interact in a socially adequate manner.[33] Myers testified that she

---

[27]*Id*. at p. 20.

[28]*Id*. at p. 698 (reporting improvement on medication).

[29]*Id*. at p. 58.

[30]*Id*. at p. 299.

[31]*Id*. at p. 302.

[32]*Id*. at p. 637.

[33]*Id*. at p. 643.

doesn't like to be around people,[34] but the ALJ accommodated the allegation by requiring superficial interpersonal contact. A reasonable mind will accept the evidence as adequate to support the decision.

3. **The ALJ did not err in weighing medical opinion evidence**. Myers complains about the ALJ's consideration of medical opinion evidence, but the ALJ must resolve conflicts in medical opinions to determine a claimant's ability to work; the ALJ can accept or reject the conclusions of a medical expert to the extent the expert's conclusions are consistent with the record as a whole.[35]

According to agency medical experts, Myers has the physical ability to do light work.[36] Mental health experts determined she can do unskilled work.[37] Myers suggests later-submitted treatment records undermines these determinations, but later-submitted evidence shows improvement with treatment. The later-submitted evidence provides no basis for a further reduction in the ability to work.

Myers contends the ALJ erred by writing that the medical experts provided detailed explanations and bases for their determinations, but the medical experts did just that. The medical experts conducted a function-by-function analysis of Myers's ability to work[38] and summarized the medical evidence underlying their determinations.[39]

Myers complains because one of medical experts is an orthopedist without expertise in Crohn's disease, but the ALJ ordered a physical exam after the hearing. The physical examiner specializes in internal medicine and had

---

[34]*Id*. at p. 48.

[35]*Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

[36]SSA record at pp. 630 & 674.

[37]*Id*. at pp. 660 & 677.

[38]*Id*. at pp. 630-33 & 666.

[39]*Id*. at pp. 636 & 666-667.

no negative medical findings.[40] The examiner's findings overcame the suggested shortcoming in the orthopedist's opinion.

4. **Vocational evidence supports the decision**. After determining Myers can no longer work as a certified nursing assistant — because the job is medium work — the ALJ questioned a vocational expert about available light work. The vocational expert identified assembly machine tender and small parts packer as representative jobs.[41] The availability of representative jobs shows work exists that Myers can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[42] Because such work exists, Myers isn't disabled under social security law.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. Myers's impairments do not prevent unskilled light work. The ALJ made no reversible legal error. For these reasons, the undersigned magistrate judge recommends DENYING Myers's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 16th day of October, 2015.

_____
United States Magistrate Judge

---

[40] *Id.* at p. 864.

[41] *Id.* at p. 61.

[42] 42 U.S.C. § 1382c(a)(3)(B).