## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

TRACIE D. MYERS                                                                    PLAINTIFF

v.                          Case No. 4:15-cv-099-KGB

CAROLYN W. COLVIN, Acting
Commissioner of Social Security Administration,                                    DEFENDANT

### ORDER

Before this Court is the Recommended Disposition filed by Magistrate Judge Jerome T. Kearney (Dkt. No. 21). Plaintiff Tracie D. Myers filed objections to the Recommended Disposition (Dkt. No. 24). After reviewing the Recommended Disposition and objections, and after conducting a *de novo* review of the record, this Court adopts the Recommended Disposition.

The Court writes separately to address Ms. Myers's objections. Ms. Myers's first objection is that Judge Kearney incorrectly concluded that, because her Crohn's disease was "treatable," it cannot be a disabling condition. Ms. Myers contends that there is no medical opinion that her impairments are controlled on medication and that, even with treatment, she has flares of Crohn's disease. Ms. Myers does not dispute that she has failed to take her prescribed medicines, despite reporting that certain medications improved her symptoms. Even accepting that there is no medical opinion that her Crohn's disease is controlled, rather than simply treatable, there remains substantial evidence to support the decision of the Administrative Law Judge ("ALJ") in this case.

In *Wildman v. Astrue*, 596 F.3d 959 (8th Cir. 2010), the Court of Appeals for the Eighth Circuit affirmed the ALJ's decision to deny benefits to a woman diagnosed with pancreatitis. The claimant's medical records indicated that she suffered from "flares of acute pancreatitis that

occur 'about monthly.'" *Id*. at 964. The claimant's medical records also indicated that she failed to take her medications as prescribed and was otherwise noncompliant with her treatment regime. *Id*. at 965. The claimant's medical records also indicated that, when she was compliant, her abdominal pain was "'under fairly good control.'" *Id*. Based on these records, the court concluded that, if an impairment can be controlled by medication, then it cannot be considered disabling. *Id*.; *see also Romine v. Colvin*, 609 F. App'x 880 (8th Cir. 2015) (affirming ALJ's denial of supplemental social security income and disability insurance benefits when medical records indicated that claimant's psoriatic arthritis was improving but not completely controlled). The *Wildman* analysis leads to the conclusion that even medical conditions that are not completely eliminated or resolved by treatment may fall within the description "controlled." Here, Ms. Myers's medical records reveal that her impairments improved, even if they were not completely eliminated, with treatment. Her medical records also reveal that Ms. Myers was noncompliant with recommended treatments. Therefore, this Court rejects Ms. Myers's assertion that Judge Kearney erred in concluding that, because her Crohn's disease is treatable, it is not disabling.

Ms. Myers's second objection is that the ALJ's residual functional capacity ("RFC") analysis did not take into account his own findings that she had moderate difficulty maintaining concentration, persistence, or pace. She maintains that light unskilled work is inadequate to account for moderate difficulties maintaining concentration, persistence, or pace, because those relate to her ability to complete tasks in a timely manner. As it relates to her alleged mental impairments, the ALJ's decision explained the impact of his determination regarding Ms. Myers's moderate difficulties with concentration, persistence, or pace on the RFC assessment (SSA R. 15). The ALJ explained that he did not include the alleged mental limitations in the

RFC because these issues did not meet the more detailed assessment standard for limitations used at steps four and five of the evaluation process (SSA R. 15). Further, the ALJ explained how Ms. Myers's alleged disabling mental impairments, and the record evidence, impacted the RFC (SSA R. 19–20).

For example, the ALJ noted among other matters that, according to Ms. Myers's medical records, she had no inpatient or mental health treatment from a specialist and had never received therapy or counseling (SSA R. 21). The ALJ noted that Dr. Hester found that Ms. Myers was able to cope with the mental demands of basic work tasks, despite her diagnosed mental conditions (SSA R. 21). The ALJ concluded that the evidence failed to show that her daily activities were severely restricted due to emotional causes and that, for the relevant period, there was no significant deficit in her ability to function socially (SSA R.21). *See Young v. Apfel*, 221 F.3d 1065 (8th Cir. 2000) (fact that claimant was the primary caretaker of her home and two small children during the relevant time period confirmed her ability to work on a daily basis despite her claimed mental limitations). Further, in regard to his RFC assessment, the ALJ concluded that the record did not show any significant level of deficiencies of concentration, persistence, or pace, or any actual episodes of deterioration or decompensation in work settings (SSA R. 21).

This Court concludes that the ALJ's determination of Ms. Myers's RFC as it pertains to her alleged mental impairments and the claimed resulting limitations was supported by substantial record evidence and that the ALJ made no legal error reaching this decision. Therefore, this Court concludes that substantial evidence supports the ALJ's decision not to include limitations in pace, persistence, or concentration explicitly in the hypothetical question

and that the hypothetical question properly stated the limitations that the ALJ found to exist based on the record evidence.

Ms. Myers's third objection appears to be that Judge Kearney failed to address her argument that the ALJ improperly credited testimony from Dr. Ballard and Dr. Thomas over conflicting testimony from Dr. Nunn. Her main contention seems to be that Dr. Nunn's conclusions do not support the ALJ's RFC because Dr. Nunn concluded that she could only stand and/or walk for four hours out of an eight hour workday, which is less than the six hours required for light work. On this point, the ALJ specifically discussed Dr. Nunn's four-hour restriction (SSA R. 22). The ALJ noted that Dr. Nunn previously found Ms. Myers able to sit for six hours out of an eight hour workday and that there was "nothing to support" his subsequent limitation to four hours (*Id*.). It is the function of the ALJ to weigh conflicting evidence and to resolve disagreements among physicians. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). A treating physician's opinion does not automatically control, and an ALJ may discount or even disregard the opinion of a treating physician if a treating physician renders inconsistent opinions. *Renstrom v. Astrue*, 680 F.3d 1057, 1064 (8th Cir. 2012). Here, the ALJ weighed conflicting evidence and resolved a disagreement among the physicians as to Ms. Myers's ability to perform work at the light exertional level. The ALJ was permitted to discount the portion of Dr. Nunn's opinion that was inconsistent. This Court declines to find error on this point.

Ms. Myers's final objection is that the Vocational Expert ("VE") testified to entire job categories rather than the specific jobs identified as available to Ms. Myers and that the ALJ subsequently erred in relying on that testimony. She contends that Judge Kearney merely recited the ALJ's findings on this point. To support her objection, Ms. Myers cites this Court to two

unpublished cases from California, *Darling v. Colvin*, 2013 WL 4768038 (C.D. Cal. Sept. 4, 2013), and *Vanna Hong Vo v. Colvin*, 2015 WL 1383138 (C.D. Cal. March 24, 2015).

In *Darling*, at a post-remand hearing, the VE testified that there were only three jobs that the claimant (or a hypothetical individual with the claimant's characteristics) could perform, specifically (1) packager (DOT § 559.687–074)—total 40,000 positions in California, and 400,000 positions nationwide; (2) inspector (DOT § 727.687–066)—total 47,000 positions in California, and 434,000 positions nationwide; and (3) assembler (DOT § 731.687–034)—total 20,000 positions in California, and 235,000 positions nationwide. *Darling*, 2013 WL 4768038, at *4. Subsequently, the claimant submitted a "Job Browser Pro" report for each of the representative jobs the VE identified. The court noted that the ALJ erred by not addressing the Job Browser Pro reports, in part, because this new evidence suggested that the job numbers the VE provided may have pertained to statistical groups rather than individual occupations. *Id*. at *5–6.

In *Hong Vo*, the VE stated that the claimant could perform the jobs of "inspector" and "assembler," but the job codes that the VE provided were for "dowel inspector" and "atomizer assembler." *Hong Vo*, 2015 WL 1383138, at *4. The court found that the VE's testimony was flawed because it was unclear if the number of jobs the VE identified pertained to those two specific occupations. *Id*. In addition, many of the jobs in the general categories identified by the VE were outside of the claimant's limitations. *Id*. at *5.

Here, the VE testified that Ms. Myers could work as an assembly machine tender (DOT #754.685-014) and small parts packer (DOT #753.687-038). There is no allegation that the VE failed to provide the correct job codes for those positions. Likewise, there is no allegation that the numbers the VE provided pertain to statistical groups, rather than to these specific

occupations. This Court concludes that Ms. Myers's case is distinguishable from *Darling* and *Hong Vo* and that, therefore, these cases are not persuasive.

For the reasons stated above, this Court adopts the Recommended Disposition in its entirety (Dkt. No. 21). The Court concludes that there is substantial evidence to support the ALJ's conclusion denying benefits to Ms. Myers in this case and that the ALJ made no legal error in reaching this conclusion.

It is so ordered this the 2nd day of March, 2016.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge